## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAX JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-766 |
| MICHAEL SANTOMASSIMO and WELLS FARGO BANK, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On December 29, 2020 *pro se* Plaintiff Dax Johnson ("Plaintiff" or "Johnson") commenced this action against Defendants Wells Fargo Bank ("Wells Fargo") and the company's Chief Financial Officer ("CFO"), Michael Santomassimo ("Santomassimo") (collectively, "Defendants") in the Circuit Court for Baltimore City, Maryland. *See Johnson v. Santomassimo, et al.*, No. 24-C-20005227. The case was subsequently removed to this Court. (ECF No. 1.) It is the second lawsuit in this Court presenting Johnson's claim involving a mortgage loan with Wells Fargo. Overall, Johnson asserts that Wells Fargo and Santomassimo are liable for the bank's failure to accept documents tendered by him in October of 2020 as satisfaction for a mortgage loan originally made to him in 2009. The Plaintiff also seemingly asserts that the Defendants are liable for fraud, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[1] as well as for violations of other federal statutes due to their alleged failure to produce an original copy of documents related to the Plaintiff's loan.

---

[1] *See* 18 U.S.C. § 1961 *et seq.*

1

Johnson's claims in this suit are similar to those he asserted in a separate lawsuit filed in 2017 against Wells Fargo and the company's former CFO John Shrewsberry. *See Johnson v. Wells Fargo Bank, N.A.*, CCB-18-0489. On April 5, 2018, Judge Blake of this Court filed a one-page Order in which she stated:

> Having reviewed the record in this case, the court finds that pro se plaintiff Dax Johnson is attempting to sue Wells Fargo Bank, N.A., because the bank refused to accept a worthless alleged "negotiable instrument" in satisfaction of a mortgage loan made to Johnson. This case, which was timely removed by the defendants, has no merit.

(CCB-18-0489, ECF No. 16.) Accordingly, Judge Blake granted the defendants' motion to dismiss, dismissing the case with prejudice. (*Id.*) Approximately two and a half years later, Johnson, proceeding *pro se*, initiated this case in the Circuit Court for Baltimore City.

On March 25, 2021, the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. (ECF No. 1.) Following removal, the Defendants Wells Fargo and Santomassimo filed a Motion to Dismiss (ECF No. 7) in which they assert that this Court lacks any personal jurisdiction over Defendant Santomassimo and that the Complaint fails to state a claim for relief against either of them. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Quite simply, the Plaintiff is once again attempting to sue Wells Fargo and its CFO, in this case Santomassimo, for failing to accept a seemingly worthless document in satisfaction of an outstanding debt. For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 7) is GRANTED. Specifically, this case is DISMISSED WITHOUT PREJUDICE as to the Defendant

Santomassimo, as this Court has no jurisdiction over him.  This case is DISMISSED WITH

PREJUDICE as to the Plaintiff's claims against Defendant Wells Fargo.[2]

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's Complaint (ECF No. 2).

*See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Furthermore, as the Plaintiff is

proceeding pro se, his Complaint is construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007).  Plaintiff Johnson is a citizen and resident of the State of Maryland.  (ECF No. 2 at 1.)

According to correspondence filed by the Defendants on April 7, 2021, neither Santomassimo

nor Wells Fargo are citizens of Maryland.  (ECF No. 10.)  Wells Fargo is a citizen of South

Dakota.[3]  (*Id.* ¶ 3.)  Santomassimo is a citizen of New Jersey.  (*Id.* ¶ 4.)

In 2009 Johnson took out a mortgage loan of $108,872.00 with Crescent Mortgage

Company which was secured by a Deed of Trust for real property located at 4427 Craddock

Avenue in Baltimore, Maryland.  (Exh. B, ECF No. 7-4.)  Wells Fargo became the trustee of

the Deed of Trust pursuant to a corporate assignment in June of 2014.  (Exh. C, ECF No. 7-

5.)  After Johnson defaulted on his loan, Wells Fargo, by and through substitute trustees,

commenced a foreclosure action against him in the Circuit Court for Baltimore City, Maryland.

*See Carrie M. Ward v. Aramah Johnson, et al.*, No. 24-O-18001287.  (Exh. D, ECF No. 7-6.)  On

March 12, 2019, Johnson executed a "Home Affordable Modification Agreement (Deed of

Trust)" (the "Modification") under which he acknowledged he had experienced financial

---

[2] While this Court dismisses this case as to the Defendant Santomassimo for lack of personal jurisdiction, it should be clearly noted that the Plaintiff has failed to state a cause of action against Santomassimo.

[3] For purposes of diversity jurisdiction, national banks are citizens of the state where they have their main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).  In that case, the Court rejected the contrary view that banks are citizens of every state in which they maintain a branch.

hardship and, as a result, was in default under the terms of the loan documents for his mortgage.  (Exh. E, ECF No. 7-7 at 2.)   Under the Modification he agreed the original mortgage and corresponding note remained in "full force and effect and [were] valid, binding obligations" upon him.  (*Id.*)  The Modification explicitly stated: "Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Loan Documents."  (*Id.*)  The Modification provided a new principal balance of $104,952.7, a new maturity date of April 1, 2049, and an interest rate of 5% which would begin to accrue on April 1, 2019.  (*Id.* at 3.)  On April 17, 2019, the foreclosure action was dismissed in the state court without prejudice in light of Johnson receiving the Modification.  (Exh. D, ECF No. 7-6.)

Plaintiff asserts that in October of 2020, he provided documentation he refers to as a "Credit Agreement Payment" or "CAP" to the Defendants.  (ECF No. 2 at 4, 16.)  He claims the CAP served as "payoff, discharge and satisfaction of claimed debt" and, therefore, that the Defendants were "paid legal tender."  (*Id.*)  The Defendants refer to this documentation as "the Foreign Instrument."  (ECF No. 7-1 at 4.)  Copies of the Foreign Instrument signed by Johnson are attached as Exhibits F and G to the pending Motion to Dismiss (ECF No. 7). (ECF Nos. 7-8, 7-9.)  The first of the documents is titled "Financial Tender in Payment" and was allegedly issued by the City of Baltimore.  (Exh. F, ECF No. 7-8.)   The document "certifies" that "Dax Johnson . . . is hereby obligated to Pay to the Order of HUD, U.S. Treasury, or Wells Fargo Home Mortgage Creditor Investor, Bearer, Agent, Employee, Representative, Assign, or Note Holder in due course, without recourse, with zero interest, the full amount specified by this Credit Agreement Payoff Financial Instrument."  (*Id.*)  The

4

amount specified by the document is $108,000.00.  (*Id.*)  The second form is titled "Debt Lien Security Release Satisfaction."  (Exh. G, ECF No. 7-9.)  The document was signed by Johnson, and provided a space for signature by a "Bank Manager or Authorized Officer of HUD, U.S. Treasury, or Wells Fargo Home Mortgage," and states that the signatory "hereby acknowledges that it has received full payment and satisfaction" of the "certain Debt Lien" through the "new payoff financial instrument Promissory Note Agreement Tender in Payment."  (*Id.*)

Johnson now claims that the Defendants are in breach of the agreement allegedly created between the parties following the submission of that Foreign Instrument due to their failure to accept the tender as payoff.  (ECF No. 2 at 16.)  Johnson asserts that Wells Fargo and Chief Financial Officer ("CFO") Santomassimo are liable to him for damages and that he is entitled to a lien release for failure to discharge his mortgage obligation.  (*Id.* at 22-23.) Johnson also, perhaps alternatively, asserts that "the liabilities of the Mortgage Note" were "derecognized and extinguished when Wells Fargo sold the instrument to Warehouse Lenders, Special Purpose Entity d/b/a a Bankruptcy Remote Entity to Investors and relinquished control and ownership."  (ECF No. 2 at 12.)  The Defendants claim they are unaware of any assignment or transfer of the Loan Modification to a "Warehouse Lender" or any "investors." (ECF No. 7-1 at n.3.)

On December 29, 2020, Plaintiff Johnson filed a Motion to Waive Prepayment of Filing Fee in the Circuit Court for Baltimore City, Maryland.  (ECF No. 1 ¶ 1.)  On February 4, 2021, he then filed his Complaint against Defendants Wells Fargo and CFO Santomassimo, entitled "Tort Claim Petition and a Request for a Speedy Trial by Jury," in which he appears

to assert claims for (1) breach of contract/accord and satisfaction; (2) fraud; (3) RICO/civil conspiracy; (4) "Lack of Jurisdiction to collect" the alleged debt; (5) "Failure to Produce Full Sized, 8 ½ X 14 inch, Legal Original Blue Inked Signed NOTE property and Lien Security Contract Property as Holder in Due Course"; and (6) "Financial Discrimination." (ECF No. 2.) Wells Fargo was served with the Complaint on February 24, 2021, but Defendant Santomassimo was not served. (*Id.* ¶¶ 3-4.) On March 25, 2021, the Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. (ECF No. 1.) Santomassimo has yet to be served in this case. (ECF No. 10 ¶ 1.)

On April 1, 2021, the Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No. 7) in which the Defendants claim that Johnson has once again failed to plead a cognizable claim and furthermore that this Court lacks personal jurisdiction over Santomassimo. As the Defendants note in their Motion and as this Court noted above, this is not the first time Plaintiff Johnson has brought this type of claim. For example, in 2017, Johnson filed suit against his auto lender and its CFO in the Circuit Court for Baltimore City, Maryland alleging that he had mailed a negotiable instrument for tender of payment for full satisfaction of the amount on the loan and that the Defendants had "accepted the negotiable instrument, contract terms and conditions" and, accordingly, that the defendants had "breached the contract by not properly applying the value of the negotiable instrument to [his] account." *See Johnson v. Gateway One Lending & Fin., et al.*, No. 24-C-17-006289 (Dec. 11, 2017); *see also* (Exh. A, ECF No. 7-3). The Circuit Court for Baltimore City's docket reflects that Johnson's suit was dismissed on March 19, 2018, and the court ordered that the case be closed and costs paid by Plaintiff Johnson. *Gateway One*, No. 24-C-17-006289 (Mar. 19, 2018).

6

Simultaneously to filing the claim against the auto lender, Johnson also filed the earlier suit against Wells Fargo Bank, N.A. and former CFO John Shrewsberry in the Circuit Court for Baltimore City, Maryland alleging breach of contract by "not properly applying the value of the negotiable instrument to the account as agreed" pursuant to a Note and Deed of Trust dated April 15, 2009 in the amount of $108,872.00.  *See Johnson v. Wells Fargo Bank, N.A., et al.*, No. 24-C-17-006260 (Dec. 21, 2017); *see also* (Exh. A, ECF No. 7-3).  The relevant Note and Deed of Trust in that case appear to be the same referenced above for the property located at 4427 Craddock Avenue, but the previous suit was filed before the foreclosure proceedings and Modification.  (*Id.*)  On February 16, 2018, defendants Wells Fargo Bank, N.A. and Shrewsberry removed the case to this Court.  *See Johnson v. Wells Fargo Bank, N.A.*, CCB-18-0489 (ECF No. 1).  As noted above, on April 5, 2018, Judge Blake of this Court filed a one-page Order dismissing the case with prejudice as having no merit.  (CCB-18-0489, ECF No. 16.)

## STANDARD OF REVIEW

### I.    Rule 12(b)(2)

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction challenges a court's authority to exercise its jurisdiction over the moving party.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  The jurisdictional question is "one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence."  *Id.*  A court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue, but it also may resolve the issue on the basis of the complaint, motion papers, affidavits, and other supporting legal

memoranda.  *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also*

*Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. ELH-13-03702, 2015 WL 751344, *3 (D.

Md. Feb. 20, 2015).  In the latter situation, a plaintiff need only make "a prima facie showing

of a sufficient jurisdictional basis to survive the jurisdictional challenge."  *Consulting Eng'rs*

*Corp.*, 561 F.3d at 276.  When considering whether the plaintiff has made the requisite showing,

"the court must take all disputed facts and reasonable inferences in favor of the plaintiff."

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

## II.  Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P 8(a)(2).  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and

not to resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts

sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under the plausibility

standard, a complaint must contain "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see Painter's Mill*

*Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  A complaint need not include "detailed

factual allegations."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A complaint

must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause

of action, "even if  . . . [the] actual proof of those facts is improbable and . . . recovery is very

remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson*, 551 U.S. at 94. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). This Court is also mindful of Johnson's previous efforts in filing actions alleging similar violations of federal and Maryland law as alleged in this case.

## ANALYSIS

### I.    This Court lacks personal jurisdiction over Defendant Santomassimo.

Rule 4(k)(l) of the Federal Rules of Civil Procedure provides that a federal district court may exercise personal jurisdiction over a defendant only if it is in accordance with the law of the state where the district court is located. *Carefirst of Maryland, Inc v. CarefirstPregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "[T]o assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.* However, "[i]n defining the reach of Maryland's long-arm statute, Maryland courts have concluded that the state legislature intended to expand Maryland's exercise of personal jurisdiction to the limits allowed by the Due Process Clause of the Fourteenth Amendment." *Stover v. O'Connell Assocs., Inc.*, 84 F.3d

132, 135 (4th Cir. 1996) (citing *Camelback Ski Corp. v. Behing*, 513 A.2d 874, 876 (Md. 1986), *vacated and remanded on other grounds*, 480 U.S. 901 (1987)).   Accordingly, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Id.* at 135-36 (citing *Ellicott Mach. Corp. v. John Holland Party, Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993)).

The United States Supreme Court has long held that personal jurisdiction over a non-resident defendant is constitutionally permissible so long as the defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).   Courts have separated the Supreme Court's standard into individual "prongs," first ascertaining whether the threshold of "minimum contacts" is met, and then considering whether the exercise of jurisdiction on the basis of those contacts is "constitutionally reasonable." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).   Generally, the court must consider the prong of constitutional reasonableness "[i]f, and only if the minimum contacts test is met." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2005).  The "minimum contacts" test is met where the defendant has "purposefully avail[ed] himself of the privilege of conducting business under the laws of the forum state." *Id.*  A determination that the defendant has established minimum contacts with the forum state amounts to a conclusion that "'it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Under due process jurisprudence and the minimum contacts analysis, the amount and nature of a litigant's contacts may provide a court with two different types of personal jurisdiction: "general and specific." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). The United States Court of Appeals for the Fourth Circuit has explained:

> General personal jurisdiction, on the one hand, requires 'continuous and systematic' contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred. Specific personal jurisdiction, on the other hand, requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state.

*Id.* (citing, *inter alia*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984) (internal citations omitted)). In other words, "the threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction." *ALS Scan*, 293 F.3d at 715 (internal quotation marks omitted); *accord Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005).

Plaintiff Johnson does not and cannot assert that this Court has general jurisdiction over Defendant Santomassimo. Santomassimo is not a resident of Maryland. (ECF No. 10 ¶¶ 2, 4.) The Complaint is devoid of any allegations that Santomassimo has had continuous or systematic contacts with the State. Johnson has not alleged that Santomassimo has at any time purposefully availed himself of any benefits of the forum. There are no allegations that Santomassimo was personally involved in Wells Fargo's business related to Johnson's mortgage loan. The Plaintiff claims in his Response in Opposition that Santomassimo was acting as CFO of Wells Fargo and that he was "aware of the securitization" of his submitted

Foreign Instrument as such securitization is "a policy that all banks do for securities." (ECF No. 12 ¶ 19.)

As this Court stated in *AGV Sports Group, Inc. v Protus IP Solutions, Inc.*, "[i]t is firmly established in this district that a corporate officer is not subject to this Court's jurisdiction simply by virtue of his or her corporation's activities in Maryland." RDB-08-3388, 2009 WL 1921152, at *7 (D. Md. July 1, 2009) (citing *Glynn v Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 604 (D. Md. 2008) ("[S]imply because Caprario and Puzzo worked for IST does not make them subject to jurisdiction wherever IST might be sued."); *Harte–Hanks Direct Mkt. v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004) ("Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically flow from personal jurisdiction over the corporation."); *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D. Md. 1990) (finding "no basis whatsoever for holding that merely because a corporation transacts business in the state . . . or has other substantial contacts with the state, an individual who is its principal should be deemed to have engaged in those activities personally"); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 785 (D. Md. 1978) (stating that a court cannot obtain jurisdiction over individual officers or employees based "upon jurisdiction over the corporation"). "Instead, a corporate officer may only be hailed into a foreign court based on the corporate officer's *individual* contacts in the forum." *Id.* (emphasis in original).

Quite simply, Santomassimo is a New Jersey citizen with no alleged personal contact with the State of Maryland. The only allegations related to Santomassimo are that he served as CFO at the time Wells Fargo became trustee of Johnson's Deed of Trust and throughout the period of the other alleged wrongdoing of the company. This scenario does not permit

this Court to exercise personal jurisdiction over Defendant Santomassimo without running afoul of Maryland's long-arm statute and the Due Process Clause.   All claims against Santomassimo must be dismissed.   This dismissal for lack of personal jurisdiction is not on the merits and therefore without prejudice.   *See* William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:128.5 (citing Fed. R. Civ. Proc. 41(b)); *see also Southern Walk at Broadlands Homeowners Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for a defect in jurisdiction must be one without prejudice, "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 n.3 (2d Cir. 1994) (same); *Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (same).

## II.   Johnson fails to state a claim in all six "Causes of Action" against Defendant Wells Fargo.

### a.  First Cause of Action

In the First Cause of Action, titled "Default and Breach of Credit Agreement Security Instrument Payoff, Release/Satisfaction of Mortgage Debt Lien Security Contract Property," Johnson seemingly asserts that under Maryland law the Defendants breached their agreement with Johnson under the original 2009 Deed of Trust or the 2019 Modification in refusing to accept the Foreign Instrument for full payment of the mortgage loan obligation.  (ECF No. 2 at 15-16.)  However, Johnson does not point to any specific provision of the Deed of Trust or the Modification that would require Defendant Wells Fargo to accept tender of the Foreign Instrument as payment on the mortgage loan.

To state a claim for breach of contract under Maryland law, "a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant.'" *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, ELH-16-3431, 2018 WL 1471682, at *9 (D. Md. Mar. 23, 2018) (quoting *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010) (internal citations omitted)).  Without an identifiable contractual obligation requiring Wells Fargo to accept the Foreign Instrument in lieu of payments as set by the terms of the loan documents, Johnson cannot state a claim for relief based on breach of contract.  Johnson cannot unilaterally modify the Deed of Trust or Modification to create such an obligation either, as under Maryland law, "a contract modification requires mutual assent." *Severstal Sparrows Point, LLC v. Energy Envt'l Dev. Co., Inc.*, No. JFM-09-852, 2010 WL 3517026, at * 6 (D. Md. Sept. 7, 2010) (citing *L & L Corp. v. Ammendale Normal Inst.*, 236 A.2d 734, 736 (Md. 1968).  As Judge Chuang of this Court noted in *Altson v. Trans Union, LLC*, a bank's refusal to accept instruments tendered as payments in a manner inconsistent to the terms of the applicable loan agreement is "wholly reasonable."  No. TDC-14-1180, 2014 WL 6388338, at *8 (D. Md. Nov. 13, 2014).

To whatever extent First Cause of Action also seeks to make a claim under the doctrine of accord and satisfaction, Johnson's claim still fails.   "An accord and satisfaction is a completed compromise of a disputed claim." *Wickman v. Kane*, 766 A.2d 241, 245 (Md. Ct. Spec. App. 2001).  Under Maryland law, "when a claim is disputed, acceptance of payment, coupled with knowledge that payment is intended fully to satisfy a disputed claim, constitutes an accord and satisfaction that bars any further recovery." *Kimmel v. SAFECO Ins. Co.*, 696 A.2d 482, 488 (Md. Ct. Spec. App. 1997) (citing *Loh v. Safeway Stores, Inc.*, 422 A.2d 16, 20 (Md.

Ct. Spec. App. 1980)).[4]  Yet, as the Plaintiff clearly alleges throughout his Complaint, Wells Fargo explicitly did *not* accept his Foreign Instrument as payment on the mortgage loan.  He cannot claim Wells Fargo erred in not accepting the tendered documents as payment and then simultaneously claim Well Fargo's acceptance discharged his outstanding debt obligation.

Moreover, the text of Johnson's submitted "Financial Tender in Payment" and corresponding release form that make up the Foreign Instrument are seemingly worthless. The documents are "nothing more than words strung together on a piece of paper which lack any cohesive meaning and convey nothing."  *U.S. Bank, N.A. v. Phillips*, 852 N.E.2d 380, 382 (Ill. App. Ct. 2006) (affirming trial court's refusal to acknowledge defendant's tendered document as a valid negotiable instrument).  The Foreign Instrument appears to be the same "type of baseless, fraudulent attempt to eliminate debt" that numerous courts have recognized as "frivolous."  *Medel v. Pennymac Fin. Servs.*, No. 15-cv-01497-MSK-CBS, 2015 WL 7770857, at *4 (D. Colo. Nov. 3, 2015) (citing, *inter alia*, *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal. App. 4th (2005) (declining to hold that "the tender of a worthless document pays off a $256,000 debt because the creditor fails to object to the tender.' "); *Feller v. Indymac Mortg. Servs.*, No. 09-5720RJB, 2010 WL 1331066, at * 2-3 (W.D.Wa. March 31, 2010) (plaintiff's suit was a debt elimination scheme based on "frivolous, conclusory, and nonsensical allegations which are unsupported in law or by fact"); *Fullmore v. Countrywide Home Loans, Inc.*, No. 1:08CV774, 2009 WL 2448546, at * 2 (M.D.N.C. Aug. 7, 2009) (rejecting plaintiff's debt elimination scheme complaint) (collecting cases); *Adams v. Bank of America, N.A.*, No. 1:06CV00228, 2007

---

[4] *See also* Md. Code Ann., Com. Law § 3-311 (providing that a claim is discharged if the "person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument").

WL 2746871 (M.D.N.C. Sept. 19, 2007) (describing debt avoidance scheme and dismissing for failure to state any cognizable claim under any applicable law); *Pierce v. Ocwen Loan Servicing*, No. 1:06CV00147, 2006 WL 1994571, at * 3-4 (M.D.N.C. July 14, 2006) (debt elimination scheme based on worthless documents failed to state a claim for relief)); *see also* Office of the Comptroller of the Currency Alert 2003–12, 2003 WL 22329222 (Oct. 1, 2003) (warning of worthless instruments presented to mortgage companies in an effort to eliminate legitimate debts).  The Foreign Instrument cannot support Johnson's claim for relief.

### b.  Second Cause of Action

In the Second Cause of Action, Plaintiff Johnson asserts a claim for "fraud in the factum," arguing that the Defendants "have never verified any claimed debt and come to the Court with unclean hands with the intention of fraud, forgery, conspiracy, and RICO in the factum" by "intentionally avoiding the TERMS AND CONDITIONS" of the tendered Foreign Instrument.  (ECF No. 2 at 16.)  As this Court noted in *Marchese v. JPMorgan Chase Bank, N.A.*:

> To state a fraud claim under Maryland law, a plaintiff must allege five elements with particularity: (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result.

917 F. Supp. 2d 452, 465 (D. Md. 2013) (quoting *Thompson v. Countrywide Home Loan Servicing, L.P.*, No. L-09-2549, 2010 WL 1741398, at *3 (D. Md. Apr. 7, 2010) (citing *Martens Chevrolet, Inc. v. Seney*, 439 A.2d 534 (Md. 1982))).  The requirement that the elements be pled with "particularity" requires a plaintiff to specifically allege the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

what he obtained thereby." *Id.* (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

The Plaintiff makes no such specific allegations in this case.  His conclusory allegations that the Defendants' "only verification and proof" of his debt are insufficient or "forged" are not tied to any specific statements made by specific individuals.  (ECF No. 2 at 16.)  Plaintiff also fails to allege how he in any way relied on any purported misstatements or was damaged by such statements.  Instead, the Plaintiff asserts that the *Defendants* have the burden of proving that his tendered Foreign Instrument is not a valid legal tender.  (*Id.*)  Further, Johnson's attempt to satisfy his outstanding debt with the Foreign Instrument are contradictory to any apparent claim that such debt does not exist.  Even providing Johnson's Complaint with the most liberal construction, his allegations in the Second Cause of Action do not plausibly state a claim for fraud.

### c.  Third Cause of Action

The Plaintiff's Third Cause of Action is titled "RICO Conspiracy and Racketeering." (*Id.* at 17.)   The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *See Starr v. VSL Pharms., Inc.*, -- F. Supp. 3d. --, 2020 WL 7694480, *4 (D. Md. 2020) (quoting 18 U.S.C. § 1962(c)).  The term "racketeering activity" is defined as "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving

bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481-82 (1985) (citing 18 U.S.C. § 1961(1)). To state a claim for relief for racketeering activity, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496.

Under the Third Cause of Action, Johnson asserts that Wells Fargo "[m]ay have been engaged in Claimant's Civil Rights Violations with RICO Conspiracy and Racketeering as a Street Gang since the 1994 Securitization of mortgages began" and accordingly have been "getting paid for the Assumed and Presumed debt that does not exist due to no money being lent." (*Id.*) The Complaint continues, stating "[t]he Respondents claim their created mortgage, both parts, is a valid, legal Security and Money. Yet they have never proven that a mortgage promissory NOTE nor a Mortgage debt lien contract . . . is actual money in any account as to Claimant's knowledge." (*Id.*) However, any allegations that Johnson never received funds from execution of the mortgage loan run contrary to Johnson's assertions that he tendered the Foreign Instrument to repay the loaned amount. Further, badly alleging that Wells Fargo has not "proven" that the mortgage loan exists is not a "pattern" of racketeering activity. Johnson does not allege that he did not execute the original Deed of Trust or the Modification, and he has not alleged any improper attempts by Wells Fargo to collect on the mortgage loan, let alone how such attempts may have established a "pattern of racketeering activity." *See Neild v. Wolpoff & Abramson, L.L.P.*, 453 F. Supp. 2d 918, 926 (E.D. Va. 2006) ("Plaintiff's allegations that Defendants sent two letters to Plaintiff in an attempt to collect on a debt collection cannot establish a 'pattern of racketeering activity' within the meaning of RICO."); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) (concluding that the plaintiffs

failed to properly allege a pattern of racketeering activity where, the alleged "actions were narrowly directed towards a single fraudulent goal").  Johnson fails to state a plausible claim under RICO.

### d. Fourth and Fifth Cause of Action

Johnson's Fourth and Fifth alleged Causes of Action do not state any sort of cognizable claim under federal or Maryland law.  The Fourth Cause of Action asserts that the Defendants "lack jurisdiction" to collect Johnson's debt owed under the Deed of Trust.  The Defendants suggest that Johnson is perhaps confusing jurisdiction with standing.  (ECF No. 7-1.)  They contend that even if this cause of action is construed to be a claim that Wells Fargo lacks standing to foreclose on Johnson's mortgage obligation, there are no active foreclosing proceedings against Johnson at this time.  (*Id.*)  Regardless of whether the Plaintiff meant to assert that the Defendants lack standing as opposed to "jurisdiction," the simple fact is that the Defendants have not filed this suit, and there is no plausible claim for relief alleged in the Fourth Cause of Action.

The Fifth Cause of Action entitled "Respondent's Failure to Produce Full Sized, 8 ½ X 14 inch, Legal Original Blue Inked Signed NOTE property and Lien Security Contract Property as Holder in Due Course," is similarly deficient.  Throughout the cause of action Johnson confusingly refers to himself as an "infant" and asserts that the Defendants "do not nor have never possessed this INFANT's Promissory NOTE and Mortgage Lien security contract property documents, now disaffirmed." (ECF No. 2 at 19.)  The cause of action sites to the text of some statute, which appears to come from the California Code, but does not make any specific allegations as to why such statute is applicable or how it was supposedly

violated in this case. (*Id.*) The cause of action is overall intelligible. Moreover, any allegations that Wells Fargo does not actually own the mortgage loan are, as the Defendants note, contracted by the public record which shows the 2014 corporate assignment of the Deed of Trust to Wells Fargo. (ECF No. 7-1 at 14.) The Plaintiff fails to state any cognizable claim in the Fourth and Fifth Causes of Action.

### e. Sixth Cause of Action

The Sixth and final Cause of Action asserts a claim for "financial discrimination," and states that the Defendants refused to follow various federal laws including the "Tender Act; Security Act; FCRA; FCDPA; Civil Rights Act; RICO, Title 12 U.S. Code Paragraph 7, RESPA, and other Banking Laws." (ECF No. 2 at 20.) Johnson alleges that the Defendants have failed to provide him with the original loan documents or any other "verification" of their validity, and that such failure it "intentional Financial Discrimination and criminal fraud." (*Id.* at 21.) Although it was not listed as a statute at issue in the cause of action, the Equal Credit Opportunity Act ("ECOA") does provide a cause of action for credit discrimination on the basis of race, color, religion, national origin, sex, martial status, age, or "because all or part of the applicant's income derives from any public assistance program." 15 U.S.C. § 1691(a).

Nevertheless, even if the Sixth Cause of Action is attempting to make some claim under the ECOA, Johnson has not in any way alleged how or why he was purportedly a victim of discrimination. Additionally, to the extent Johnson seeks to assert claims under the other listed statutes including the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), Civil Rights Acts, or Real Estate Settlement Procedures Act

("RESPA"), he again asserts no facts in support of any contentions that such statutes were violated by the Defendants.   As the Defendants note, merely providing "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." (ECF No. 7-1 at 22); *see also Twombly*, 550 U.S. at 555.  The Plaintiff has failed to provide even the elements of any provisions of the statutes listed by acronym in his Complaint, let alone facts to support the existence of such elements in this case.  Without any specific allegations of conduct that violated any specific provisions of the listed statutes, or the ECOA, Plaintiff Johnson has failed to state any cognizable claim for relief for "financial discrimination."

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.  The Plaintiff's Complaint is DISMISSED pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction with respect to the individual Defendant Santomassimo.  This dismissal is without prejudice as this Court lacks jurisdiction as to this individual and has no power to dispose of any of the claims against him on the merits.

The Plaintiff's Complaint is DISMISSED pursuant to Rule 12(b)(6) with respect to the Defendant Wells Fargo for failure to state a claim upon which relief can be granted.  As a general rule, leave to amend a complaint to address deficiencies in an original complaint is freely given pursuant to Rule 15(a).  *See* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure* § 9:286.   However, leave to amend may be denied if such amendment is deemed futile. Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure* § 9:294.1; *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).  "[T]his Court has discretion to dismiss an

action with prejudice where 'it is clear that amendment would be futile in light of the [complaint's] fundamental deficiencies.*" See Letren v. Arch Bay Holdings, LLC*, No. GJH-15-622, 2016 WL 8716598, at *5 n.8 (D. Md. Mar. 25, 2016) (quoting *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)).   Johnson's Complaint is fundamentally deficient. Further, given that Johnson has previously filed at least two suits of similar nature and that both suits were dismissed with prejudice, this Court is even further satisfied that amendment of the Complaint in this case would be futile.   *See Sewell v. Strayer Univ.*, No. PWG-16-159, 2017 WL 57212, at *11 n.4 (D. Md. Jan. 5, 2017) (dismissing claims with prejudice when at the time of dismissal the plaintiff had filed numerous suits in federal and state courts, all but two of which had been dismissed or remanded).   Accordingly, the dismissal of Johnson's claims against Defendant Wells Fargo is WITH PREJUDICE.

A Separate Order follows.

Dated: May 27, 2021

_____/s/_____

Richard D. Bennett
United States District Judge